# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

TIMOTHY DUNN,

        Plaintiff,

v.

JOEY TURNER,

        Defendant.

Civil Action No. 18-5567 (BRM)

**OPINION**

Before this Court is *pro se* prisoner Timothy Dunn's ("Plaintiff") civil rights complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Based on his affidavit of indigence (ECF No. 1-1), the Court **GRANTS** him leave to proceed *in forma pauperis* and orders the Clerk of the Court to **FILE** the Complaint.

At this time, the Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Complaint is **DISMISSED WITHOUT PREJUDICE**.

**I. BACKGROUND**

According to the Complaint, on December 7, 2017, Plaintiff was transferred from Bo Robinson Treatment Center ("Bo Robinson") to Saint Francis Medical Center for medical purposes.[1] (Compl. ¶ 6.) After his release from the hospital, he was transferred to Garden State

---

[1] The factual allegations are taken from the Complaint, and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations.

Correctional Facility, instead of back to the halfway house. (*Id.*) While he was at the halfway house, Plaintiff had personal belongings, including clothing, appliances, etc. (*Id.*) These items should have been packed up and held in Bo Robinson's property room until his transfer back to prison was complete. (*Id.*) However, when Plaintiff returned to Bo Robinson two weeks later, he learned that Shift Supervisor Joey Turner ("Turner") had "neglected his responsibility" to ensure that his belongings were packed up and stored because the property room had no record of Plaintiff's personal items being logged in. (*Id.*)

Plaintiff is seeking "compensation and punitive damage for the unnecessary and undeserved suffering that [he] is going through since that incident." (*Id.* ¶ 7.)

## II. LEGAL STANDARD

### A. Standard for a *Sua Sponte* Dismissal

Pursuant to the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) and 1915A because Plaintiff is a prisoner who is proceeding as indigent.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To

survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

**B. Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

Therefore, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

**III. DECISION**

The Court construes Plaintiff's allegations against Turner as a claim for deprivation of property under the Fourteenth Amendment. To assert a Fourteenth Amendment deprivation of property claim,

3

> a plaintiff must assert that he possessed a property interest, that he was deprived of that interest by a state actor, and that he was not provided notice and an opportunity to be heard in relation to the taking of his property interest. *See Rusnak v. Williams*, 44 F. App'x 555, 558 (3d Cir. 2002). "Where a state actor deprives an individual of property without authorization, [however,] either intentionally or negligently, that deprivation does not result in a violation of the Fourteenth Amendment so long as a meaningful post deprivation remedy for the loss is available. *See Hudson v. Palmer*, [468 U.S. 517, 530–36] (1984); *Parratt v. Taylor*, [451 U.S. 527, 543–44] (1981); overruled in part on other grounds, *Daniels v. Williams*, [474 U.S. 327] (1986). [sic]" *Love v. New Jersey Dep't of Corr.*, Civil Action No. 14–5629, 2015 WL 2226015, at *5 (D.N.J. May 12, 2015); *see also Miller v. Fraley*, No. 12–4470, 2015 WL 511296, at *11 (D.N.J. Feb. 6, 2015). The State of New Jersey has provided a proper post-deprivation remedy to plaintiffs for the unauthorized deprivation of their property through the New Jersey Tort Claims Act. *See* N.J. Stat. Ann. § 59:1–1, et seq.; *Love*, 2015 WL 2226015 at *5; *Miller*, 2015 WL 511296 at *11. Thus, Plaintiff's claims would only state a cognizable § 1983 claim to the extent that he claims that he was deprived of his property pursuant to an authorized state procedure, and not as a result of the unlawful or unauthorized actions of various prison personnel. *See Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 435–36 (1982).

*Love v. New Jersey Dep't of Corr.*, No. 15–4404, 2016 WL 2757738, at *8 (D.N.J. May 12, 2016) (alterations in original).

Plaintiff alleges Turner "neglected his responsibility" to properly pack up Plaintiff's belongings and store them in the property room, which indicates Turner was acting negligently or intentionally when he did so. Because "a meaningful post deprivation remedy for the loss is available" under the New Jersey Tort Claims Act for this action, and because Plaintiff does not allege he was "deprived of his property pursuant to an authorized state procedure," Plaintiff fails to state a cause of action under the Fourteenth Amendment. *See Love*, No. 15–4404, 2016 WL 2757738, at *8. Accordingly, Plaintiff's deprivation of property claim is dismissed without prejudice.

**IV. CONCLUSION**

For the reasons stated above, the Complaint is **DISMISSED WITHOUT PREJUDICE** in its entirety pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A for failure to state a claim upon which relief may be granted. Because it is conceivable Plaintiff may be able to supplement his pleading with facts sufficient to overcome the deficiencies noted herein, Plaintiff may move to re-open this case, attaching to that motion a proposed amended complaint addressing the deficiencies of the Complaint as stated herein. An appropriate order follows.

Dated: June 5, 2018 */s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**